UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY DILL (#14166-A)                                          CIVIL ACTION

VERSUS

ASCENSION PARISH, ET AL.                                         NO. 12-0083-JJB-RLB

ORDER

This matter comes before the Court on the plaintiff's Motion for Temporary Injunction, rec.doc.no. 46. This motion shall be denied.

The pro se plaintiff, an inmate previously confined at the Ascension Parish Correctional Center ("APCC"), Donaldsonville, Louisiana,[1] brought this action pursuant to 42 U.S.C. § 1983 against the Parish of Ascension, APCC, the "Medical Provider for APCC", Parish President Tommy Martinez, Sheriff Jeffery Wiley, Warden Paul Hall, Nurse Michelle Gaudin, Nurse Practitioner Ty Gauteaux and Lt. Raymond McNeil, complaining that the defendants violated his constitutional rights while he was confined at APCC in 2011 and 2012, through deliberate indifference to his serious medical needs, through a failure to properly calculate his release date, and through interference with his access to the courts.

In the instant motion, the plaintiff complains that prison officials at APCC are "not offering him and other inmates a minimum of available current law books, statutes, or legal resources" and "refuse to offer any case-law or legal research in order to prepare defenses and/or criminal appeals involving their state court and federal convictions." He asserts that the jail library is "only open two

---

[1] The plaintiff has apparently been recently released from the Ascension Parish Correctional Center. See rec.doc.no. 47.

days a week for six hours a day," that he has been threatened with physical harm if he continues to pursue the instant lawsuit, that he has only been allowed "two copies of case law," and that he is currently being held in segregated confinement (and being fed "breadloaf") in retaliation for having threatened to file another lawsuit against jail officials. He prays for an Order (1) releasing him from segregated confinement, (2) allowing him normal meals, (3) allowing him access to the prison law library more than two days per week, (4) and making available to him current law books, research materials and case law.

The plaintiff is not entitled to the relief requested. In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192 (5th Cir. 2003); Gipson v. JPMorgan Chase, 2013 WL 3746003 (N.D. Tex. July 17, 2013). Injunctive relief is "an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." Id.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. In the first place, his recent release from APCC has effectively mooted the instant claims for relief. See, e.g., Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] ... claims for declaratory and injunctive relief moot"). Accordingly, it is appropriate that this motion be denied. Further, the claims asserted in the plaintiff's motion for injunctive relief are essentially unrelated to the claims asserted in this lawsuit. Specifically, this lawsuit relates to events occurring during the plaintiff's confinement at

APCC between June, 2011, and May, 2012, which confinement was concluded when the plaintiff was thereafter released. The instant motion deals principally with claims relative to the plaintiff's subsequent confinement at APCC on unrelated criminal charges, including claims of punitive segregated housing, of deficient meals at APCC, of alleged acts of retaliation by unidentified prison officials in response to threats made by the plaintiff to pursue other litigation, and of deficiencies in the legal programs and facilities available at the prison. The plaintiff has not shown either a likelihood of success in connection with these claim or a likelihood of irreparable injury if injunctive relief is not granted. Further, with regard to the plaintiff's claim of alleged deficiencies in the legal programs and facilities available to inmates at APCC, the Fifth Circuit has repeatedly held that a prisoner who knowingly and voluntarily waives representation by counsel in a criminal proceeding is not entitled to access to a prison law library. See Jackson v. Caddo Correctional Center, 67 Fed. Appx. 253 (5th Cir.), cert. denied, 540 U.S. 1052 (2003), relying on Degrate v. Godwin, 84 F.3d 768 (5th Cir. 1996). Inasmuch as the plaintiff asserts in the instant motion that he has "exercised his sixth amendment right to represent himself during his state court proceedings involving misdemeanors," he has not established that he is entitled to greater access to the law library or to current legal materials. Moreover, the plaintiff has failed to allege that he has suffered any cognizable legal prejudice or detriment as a result of the challenged conduct, which prejudice or detriment is a prerequisite to a First Amendment claim regarding interference with access to the courts. See Johnson v. Epps, 479 Fed. Appx. 583, 593 (5th Cir. 2012), citing Lewis v. Casey, 518 U.S. 343, 351 (1996). Accordingly, inasmuch as "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense," Lewis v. Casey, supra, 518 U.S. at 351 (1996), the plaintiff has failed to establish entitlement

to injunctive relief in connection with this issue.[2] Therefore,

**IT IS ORDERED** that the plaintiff's plaintiff's Motion for Temporary Injunction, rec.doc.no. 46, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this 6th day of August, 2013.

~~JAMES J. BRADY~~
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent that the plaintiff complains generally of alleged deficiencies in the legal programs and facilities available to <u>other</u> inmates at APCC, the pro se plaintiff does not have standing to assert the civil rights of third parties injured by the defendants' alleged unlawful conduct. Coon v. Ledbetter, 780 F.2d 1158 (5th Cir. 1986).